JAMES H. MANSFIELD *vs.* ALEXANDER M. FLECK.

June 16, 1876.

Practice—Offer of Judgment.—When an offer of judgment is made, and served, pursuant to Gen. St. *c.* 66, § 241, the plaintiff has ten full days thereafter, excluding the day of service, in which to accept or reject the offer, and to give notice thereof in case of acceptance. In case the trial is begun before the expiration of this period, without any action by the plaintiff upon the offer, it thereby becomes ineffectual for any purpose.

This action was brought in the district court for Mower county, and was regularly on the calendar for trial at the March term, 1875. On March 2d—the first day of the term—the defendant duly served an offer to allow judgment to be taken against him for $100, and costs to the date of the offer. The offer was not accepted. On March 12th the cause was tried by a jury, and plaintiff had a verdict for but $50. The defendant thereupon objected to any costs being taxed against him, and claimed that, as the verdict was less than his offer, his costs and disbursements should be taxed against the plaintiff, and deducted from the verdict. The district court, *Page*, J., presiding, overruled defendant's objection and claim, and held that the plaintiff was entitled to costs. Judgment was entered accordingly, and the defendant appealed.

*E. O. Wheeler*, for appellant.

*Crandall & French*, for respondent.

CORNELL, J. An offer of judgment, pursuant to Gen. St. *c.* 66, § 241, to be of any effect upon the recovery of costs occasioned by the trial, must be made and served ten days before the commencement of the trial. The plaintiff is entitled to the full period of ten days in which to accept or reject the offer, and, in case of acceptance, to give notice thereof. *Pomeroy* v. *Hulin*, 7 How. Pr. 161. In ascertaining this period, the day of service of the offer must be excluded, (Gen. St. *c.* 66, § 68,) and the trial must be

regarded as a single point of time identical with its commencement. The offer in this case was served March 2d, and the trial of the action regularly commenced on the 12th of the same month. As the plaintiff had the whole of this latter day in which to decide upon the question of acceptance or rejection, and, in case of acceptance, to give notice thereof, it follows that the offer came too late to be effectual for any purpose.

Judgment affirmed.