[Civil No. 2151.    Filed July 21, 1923.]

[217 Pac. 65.]

ROBERT F. FELAND, IRENE V. BRUNSON, D. L. LIVERMORE, J. H. MATSON, FANNIE MATSON, RICARDO JEREZ and LAURA J. BRANCH, Appellants, v. CITY OF PHOENIX, a Municipal Corporation, and WARREN BROTHERS COMPANY, a Corporation, Appellees.

1. PLEADING—COMPLAINT ALLEGING CONCLUSION OF PREMATURE PAVING CONTRACT, INSTEAD OF ESSENTIAL FACTS, SUBJECT TO DE-

See 28 Cyc. 1026; 31 Cyc. 280.

MURRER.—Complaint to enjoin performance of a contract for street paving, as made prematurely, is subject to demurrer, where, instead of alleging the essential facts, it alleges the conclusion that it was entered into before expiration of the time provided by Civil Code of 1913, paragraph 1960, as amended by Laws of 1917, chapter 52, section 3 (fifteen days from first publication of notice of award), in which property owners could and did file protest.

2. MUNICIPAL CORPORATIONS — PAVING CONTRACT MAY PROVIDE FOR PATENTED MATERIAL.—In view of Civil Code of 1913, paragraph 1974, subdivision 4, contract for street paving may provide for use of patented material.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

Mr. J. B. Woodward, for Appellants.

Mr. R. Wm. Kramer, City Attorney, and Messrs. Kibbey, Bennett, Gust & Smith, for Appellees.

DARNELL, Superior Judge.—This is an appeal from a judgment taken on demurrer. A demurrer to plaintiffs' second amended complaint having been sustained by the court on December 4, 1922, and plaintiffs having elected to stand on such complaint, judgment was rendered against them on December 18, 1922. From that judgment plaintiffs appeal.

The appellants sought to enjoin the performance of a certain contract for the improvement of a portion of First Street, in the city of Phoenix, on two grounds: First, that the contract for said improvement was void because it was entered into prematurely; and, second, that the contract for said improvement was void because the specifications required the use of materials and methods controlled solely by Warren Brothers Company of Boston, Massachusetts.

The second amended complaint alleges that at the time this action was instituted the plaintiffs were

the owners of property on First Street, in the city of Phoenix, of a total frontage of 350 feet; that the city of Phoenix assayed to enter into a contract with Warren Brothers Company, acting purportedly under the provisions of title 7, chapter 13, Revised Statutes of Arizona of 1913, Civil Code, acts amendatory thereto, and chapter 144 of Session Laws of 1919, whereby it was agreed that for the sum of $65,800.90, the amount of said company's bid for the work, the said company would improve First Street by doing certain paving work according to plans, profiles, and specifications set out in the city's resolution No. 751; that said contract also provided that the said company would, within a time to be fixed, turn the work over to the superintendent of streets of the city complete and ready for use; that the superintendent of streets fixed the time for the commencement of the work at within five days from April 1, 1922, and the time within which the work should be completed at 115 days from April 1, 1922.

It is further alleged that the purpose of the city's action was to secure for Warren Brothers Company a contract to pave said street between points mentioned in resolution No. 751 and to fasten a lien and bonded debt upon the property of plaintiffs and others, owners of property fronting on First Street, and that the action of defendants in entering into the contract occurred before the time provided by statute in which plaintiffs and others similarly situated could file a protest in pursuance of paragraph 1960, Revised Statutes of 1913, had expired, and before the city commission, as in such section provided for, had acted thereon; that on April 6, 1922, the defendants unlawfully attempted to vitalize the contract of April 1, 1922, by an alleged re-execution of it, except a change of date of the beginning and completion of the work, without first obtaining the

approval of the city commissioners extending the time for completion of the work, as required by paragraph 1961 of the 1913 Civil Code; that by virtue of paragraph 1960 of the 1913 Civil Code the attempted contracts of defendants were void, for the reason that the one of date April 1, 1922, was entered into prior to the expiration of the protest period and before the city commissioners had acted on the protest filed by plaintiffs, and the one of April 6, 1922, was only an effort to vitalize the attempted contract of April 1, 1922, by a change of dates and an extension of the time in which the paving work was to be done; and for the further reason that a restraining order of the lower court enjoining the city of Phoenix from entering into a contract for the paving work on First Street was in force on the first and sixth days of April, 1922, not being dissolved until April 17, 1922, being an order entered in cause No. 15838 in the lower court. And, further, the complaint recited that the two contracts were illegal and void for the reason that Warren Brothers Company wrongfully asserted an exclusive patent on certain materials used by it and others in paving streets in the city of Phoenix and in the matter of bidding for the construction of the pavement on First Street, and thus were enabled to restrain competition of other bidders, to the disadvantage of the public and the plaintiffs and against sound public policy; that all the proposed improvements called for the use of the materials and methods monopolized by Warren Brothers Company, and that on the sixth day of June, 1922, Warren Brothers Company commenced the paving work on First Street under one of the contracts hereinbefore mentioned; that the action of defendants is contrary to law; and that the execution of defendant's purposes would subject plaintiffs to great loss and irreparable injury by reducing the street frontage to an alley condition so

far as future business uses by some of the plaintiffs are concerned, and that certain other plaintiffs would be required to pay for paving sixty-four feet wide on a 100-foot width street, such paving being of an inferior character and unsuited to the requirements of expensive, high-class improvements fronting on this street.

Although appellants base part of their argument upon the answer to the second amended complaint, and appellees consent that this court may take such answer into consideration in passing upon this case, we shall consider only the question raised by the demurrer—Does the second amended complaint set forth facts sufficient to constitute a cause of action?

It is not shown by this pleading that the acts of defendants were premature, that the contract of April 1, 1922, was entered into before the expiration of the protest period. The allegation in paragraph III of the second amended complaint is a pure conclusion of law. It reads:

"That this action of defendants was had before the time provided by statute had expired in which plaintiffs and other protesting frontage property owners could and did file a protest as contemplated and in pursuance of paragraph 1960 of the Revised Statutes of Arizona and before the city commission, as therein provided for, had acted thereon."

Section 1960 of the Revised Statutes of 1913, as amended by Chapter 52, section 3 of the Session Laws of 1917, provides in part:

"At any time within fifteen days from the date of the first publication of the notice of award of contract, any owner of, or other person having any interest in, any lot or land liable to assessment, who claims that any of the previous acts or proceedings relating to said improvements are irregular, defective, illegal, erroneous or faulty, may file with the clerk of the city council a written notice specifying

25 Ariz.—21

in what respect said acts and proceedings are irregular, defective, illegal, erroneous or faulty.''

There is no statement in the second amended complaint showing any facts concerning the notice of award of contract, or its time of publication, no statement as to previous irregular, defective, illegal, erroneous or faulty acts or proceedings relating to said improvement on the part of the city. There is nothing but the pleader's conclusion that the contract between the defendants was entered into prematurely, that is, before the time provided by statute had expired in which plaintiffs and others similarly situated could and did file a protest as contemplated by, and in pursuance of, the statute governing such.

''Facts must be pleaded—conclusions of law will not do—and a demurrer will not confess or admit the latter.'' *Verde Water & Power Co.* v. *Salt River Valley Water Users' Assn. et al.,* 22 Ariz. 305, 197 Pac. 227.

''The necessity for a statement of the facts essential to the right claimed is not obviated by averments of legal conclusion.'' *Herr* v. *Kennedy,* 22 Ariz. 141, 195 Pac. 530.

In *Parks* v. *School Dist. No. 1,* 22 Ariz. 18, 193 Pac. 838, this court held that allegation of the complaint to the effect that the posting and publication of the notice of the call of an election ''was and were not authorized or directed by the board of trustees, . . . as required by law,'' was a mere opinion of the pleader as to the requirements of the statute in that respect, and is properly put in issue by a demurrer.

Whether or not the action of defendants in entering into the contract of April 1, 1922, was premature, in that the period for protest had not expired, cannot be determined from the second amended complaint. No statement of fact that would have en-

abled the lower court to determine that matter is to be found in the pleading demurred to.

There is no merit in the contention of appellants that the contracts of April 1 and April 6, 1922, are void because Warren Brothers Company wrongfully asserted an exclusive patent on certain materials used by it and others in paving streets in the city of Phoenix and in the matter of bidding for the work of construction on First street was thereby enabled to throttle competition. Paragraph 1974, subdivision 4, Revised Statutes of Arizona of 1913, Civil Code, provides:

"The words 'paved' or 'repaved,' as used in this chapter, shall be held to mean and include pavement of stone, whether paving blocks or macadamizing, or of bituminous rock or asphalt, or of iron, wood, or other material, whether patented or not, which the legislative body shall by ordinance adopt."

This matter has been passed upon by this court contrary to appellants' contention in two previous cases: *Farmer* v. *Dahl,* 19 Ariz. 395, 171 Pac. 130, and *United States Fidelity & Guaranty Co.* v. *California-Arizona Construction Co. et al.,* 21 Ariz. 172, 186 Pac. 502.

We fail to find, from a careful study of the second amended complaint, any allegation of fact from which it can be ascertained that the law has not been followed, or that plaintiffs have in any way been injured by the acts of defendants.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.

LYMAN, J., being disqualified, Honorable GEORGE R. DARNELL, Superior Judge of Pima county, was called to act in his place.