[Civil No. 3479. Filed October 8, 1934.]

[36 Pac. (2d) 262.]

WALTER C. DAY, Appellant, v. BOARD OF REGENTS OF THE UNIVERSITY OF ARIZONA, a Corporation, JAMES H. KERBY, as Secretary of State of the State of Arizona, ARTHUR T. LA PRADE, as Attorney General of the State of Arizona, and Dr. GEORGE C. TRUMAN, as Secretary of the Arizona State Board of Health, Appellees.

Mr. Jacob Morgan, for Appellant.

Mr. Arthur T. La Prade, Attorney General, and Mr. Frank W. Beer, Assistant Attorney General, for Appellees.

LOCKWOOD, J.—This is a suit brought by Walter C. Day under the provisions of sections 4385–4390, Revised Code of 1928, commonly known as the Declaratory Judgments Act, for the purpose of determining whether chapter 84, Session Laws 1933, is constitutionally in effect or not. A general demurrer was interposed and by the trial court sustained, and, plaintiff declining to amend, judgment was rendered against him.

There are ten assignments of error, argued under eight propositions of law, as required by our rules, but we think we need consider only assignment 3, to the effect that the court erred in sustaining the demurrer and dismissing the complaint. The minute entry sustaining the demurrer reads as follows:

"December 12, 1933.
"Order demurrer sustained on the ground that the complaint does not state facts sufficient to constitute a cause of action. Taking the allegations of the complaint as true, taking judicial notice of the statute as enacted, the complaint shows no facts which would render the referred act invalid. That the election was a general election there can be no question,

and under the ruling of the Supreme Court in the case of *State* v. *Allen,* to the effect that 'the next regular election . . . may be "general," ' binds this court as to the interpretation of that term. The court is further of the opinion that the demurrer should be sustained on the ground that the plaintiff does not allege facts sufficient to bring him within the purview of section 4386 relating to declaratory judgments.''

It will be observed that the court bases its action on two grounds, first, that chapter 84, *supra,* being a referred measure, was properly submitted to the people at a "general election" under the provision of the Constitution requiring all referred statutes to be submitted to the electors at "the next regular general election," and, second, that the plaintiff did not allege facts sufficient to bring him within the terms of the Declaratory Judgments Act. If either one of the grounds stated by the trial court is well taken, the demurrer was properly sustained, regardless of whether the other was or not. It is urged by appellant that the ground last stated could not be considered, for the reason that it was not referred to in appellee's statement of points in the court below, and is therefore waived. In support of this contention he cites section 5, rule 4, of the Uniform Rules of the Superior Courts. This section, so far as applicable, reads as follows:

"(5) When any demurrer, motion or similar pleading shall be filed, the party so presenting it shall at the same time file a statement of the precise legal point or points he relies upon, a copy of which statement must be served on opposing counsel in the usual manner. A brief in support of such statement may be filed and served in the same manner, and in such case the latter shall have ten days from the date of service to file an answering brief, which must be served in the same manner as the original, and a

reply may be filed in like manner in five days after the answering brief has been filed, and the matter shall then be deemed submitted, unless the court shall require oral arguments thereon. A failure to file such statement will be considered by the court as a formal waiver of the demurrer, motion or other objection raised, and an order to that effect will be entered in the minutes. The statement filed will be deemed to raise all points covered by the pleadings to which it refers, and all matters not contained in such statement will be considered as waived."

It is of course true that rules duly adopted by this court, either for its own guidance or for that of the superior courts, have the same effect as statutes, so far as being binding on the parties to the litigation. Section 3652, Rev. Code 1928; *Gillespie Land etc. Co.* v. *Hamilton,* 41 Ariz. 432, 18 Pac. (2d) 1111. Like statutes, however, which give private rights, the party benefited by the rule may waive it, either expressly or by his conduct. *Northern Pac. R. Co.* v. *Raymond,* 5 Dak. 356, 40 N. W. 538, 1 L. R. A. 732; *People* v. *Board of Police Commrs.,* 174 N. Y. 450, 67 N. E. 78, 95 Am. St. Rep. 596. If, therefore, a party argues a matter not specified in his statement of points, without objection by his opponents, the trial court may pass thereon, notwithstanding the rule. The record shows the point was argued, and no objection to such argument appears to have been made in the lower court.

We consider, therefore, whether plaintiff has shown in his complaint, as he must, that he is entitled to invoke the Declaratory Judgments Act. Section 4386, *supra,* reads as follows:

"§ 4386. *Person interested or Affected may Have Declaration.* Any person interested under a deed, will, written contract or other writing, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or fran-

chise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder. A contract may be construed either before or after there has been a breach thereof.''

There is no claim that plaintiff is interested under a written instrument, but the contention is that his rights, status, or legal relations are affected by chapter 84, *supra*. That chapter is what is commonly known as the ''Basic Science Law.'' In substance, it requires that all those who practice, for hire, the art of healing must take a specified examination on certain subjects, and pay a fee therefor. Under its terms the only persons whose ''rights, status or legal relations'' will be in the slightest degree affected thereby are those who are required to take the examination, and obviously the vast majority of the citizens of Arizona are exempt from its operation.

It is the undisputed rule that only those who are affected in some manner by a statute may question its constitutionality. 12 C. J. 760, and note. Unless, therefore, it appears affirmatively from the complaint that plaintiff is one who desires to practice the art of healing for hire, he cannot question the constitutionality of chapter 84, *supra,* either as to its content or manner of adoption.

What does the complaint say on this point? The only reference to plaintiff's capacity are the allegations (a) that he is a ''resident, voter, elector and taxpayer'' of the county and state, and (b) that he ''would be subject to and required to pay the taxes therein provided.'' Plainly (a) is insufficient, for none of the classes which he says therein he belongs to are necessarily engaged in the art of healing for hire, and most of them certainly are not. Nor does

the language in (b) aid the situation, for it is a mere conclusion of law, which does not in any manner show the facts ·on which it is based. As was said in *Feland* v. *City of Phoenix,* 25 Ariz. 317, 217 Pac. 65, 66:

" . . . No statement of fact that would have enabled the lower court to determine .that matter is to be found in the pleading demurred to."

Such a pleading is always held defective. *Verde etc. Co.* v. *Salt River V. W. Users' Assn.,* 22 Ariz. 305, 197 Pac. 227.

Since, therefore, plaintiff has failed to allege in his complaint facts showing he belongs to the only class affected by chapter 84, *supra,* the demurrer was properly sustained.

And, since he refused to amend the defective complaint, the court properly rendered ·judgment against him, for this has always been the practice in Arizona under such circumstances. We need not therefore consider whether the demurrer was properly sustained on the other ground stated in the minute entry. The judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.