## LARRY A. SAYLOR v. JOHN SASS AND ANOTHER.

104 N. W. (2d) 36.

June 24, 1960—No. 37,820.

*Friedman & Friedman,* for appellant.

*Dancer, Montague, Applequist, Lyons, Nolan & Nordine,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from the order of the district court.

The record indicates that on January 29, 1944, plaintiff, Larry A. Saylor, then 7 years of age, sustained a fracture of his right leg in a sliding accident in which he was struck by a truck owned by defendant John Sass and driven by defendant Harvey Beck.

In April 1944 plaintiff's father, Roger D. Saylor, negotiated a settlement with the attorney representing defendant Sass, and thereafter he petitioned the municipal court of Duluth for his appointment as guardian ad litem for plaintiff, stating in his petition:

"That he is a resident of the City of Duluth, County of St. Louis, State of Minnesota; that he is the father of Larry A. Saylor, an infant seven years of age; that the said Larry A. Saylor received certain personal injuries while sliding on a sled on Wellington Street in the City of Duluth and colliding with the truck of John Sass, then and there being driven by one Harvey Beck, resulting in a fracture of the upper, right leg; that your petitioner desires to compromise and settle the claim for said injuries; that your petitioner has agreed upon a settlement with the said John Sass in the sum of One Thousand and no/100ths ($1000.00) Dollars in full settlement of all claims on account of said injuries, but cannot effect a settlement with the said John Sass until your petitioner has been appointed guardian ad litem."

On April 19, 1944, the municipal court filed its order appointing Roger D. Saylor as guardian ad litem of his son and authorized him to

effect a settlement with Sass in the sum of $1,000 on account of Larry's injuries.[1] The order further provided that the money should be deposited in a Duluth bank and the bankbook deposited with the clerk of municipal court, with all withdrawals being subject to the approval of said court.

Thereafter, the $1,000 was deposited in the Western National Bank in settlement of Larry's claim. In addition the sum of $361.10 was paid in settlement of Roger's claim for medical and hospital expenses and loss of services.

On April 16, 1958, about 14 years later, plaintiff moved the municipal court to vacate the order filed in April 1944. The municipal court denied the motion and plaintiff appealed to the district court from the order.

In a memorandum in connection with its order the municipal court explained that it had jurisdiction of the amount involved in the settlement; that it had been appointing guardians ad litem and approving minors' settlements for many years; that since there was no affirmative showing that the judge who approved the settlement was not fully informed as to the character and extent of plaintiff's injuries, it must be presumed that such court was fully informed. The memorandum also stated that there was no showing of a mistake as to the nature and character of plaintiff's injuries; that the showing now made was no different from that when the settlement was made, except a hernia of the muscles, and as to that, there was no showing as to when the hernia developed. It was the court's position that it could have existed at the time the settlement was made or it could have developed at any time during the intervening 14 years in so far as any showing in that court was concerned; also that the rheumatic fever did not result from the injury.

The appeal to the district court was heard by three judges of that

---

[1] M. S. A. 540.08 requires that in actions for the injury of a minor child no settlement or compromise shall be valid unless approved by the judge of the court in which such action is pending. At the time of the settlement the requirement was also binding on the municipal court pursuant to Minn. St. 1941, § 488.16, repealed by L. 1959, c. 660, § 22.

court sitting together as an appellate court in Duluth.[2] That court affirmed the municipal court.

Plaintiff in his appeal here questions whether the Municipal Court of Duluth in 1944 had jurisdiction over a matter involving the appointment of a guardian ad litem for the purpose of settling an injury to a minor, and if so, whether defendant complied with the requirements of such settlement. The municipal court ruled in the affirmative. Plaintiff also raises the issues as to whether he is entitled to a vacation of the settlement on the grounds of mistake, misrepresentation, or fraud and in the interest of justice and as to whether the settlement was voidable because one attorney acted in behalf of both parties. The municipal court ruled in the negative.

 In a memorandum made a part of its order, the district court said in part:

"It is the opinion of this Court that the Municipal Court of the City of Duluth had jurisdiction to make the Order filed on April 19, 1944. The statutes in effect at that time gave the Municipal Court jurisdiction over an action for damages for an injury to the person if the damages claimed did not exceed one thousand dollars. Session Laws of Minnesota for 1923, Chapter 238. The limitations upon the Court's jurisdiction, set forth in said Chapter and in Section 488.07 M. S. A., did not exclude jurisdiction over actions by minors to recover for personal injuries. Chapter 238 further provided that the Court was 'vested with all powers over cases within its jurisdiction which are possessed by district courts of this state over cases within their jurisdiction'. It is clear that since the Court had jurisdiction to 'hear, try, and determine' such an action brought by a minor for damages within the monetary limitation, it had jurisdiction to approve the settlement of such an action.

"The record shows that plaintiff's claim was settled for the sum of one thousand dollars, and the settlement was therefore within the jurisdictional limit of the Municipal Court. Plaintiff's claim was separate from and was not enlarged by the settlement of his father's individual claim for medical and hospital expenses and loss of services.

\* \* \* \* \*

[2]See, 27 M. S. A. c. 488, Appendix 5, § 47, subd. 4.

"The record does not support plaintiff's contention that the settlement should be vacated because of mistake, misrepresentation or fraud, and in the interest of justice. The medical reports do not establish that separate and distinct injuries were sustained by plaintiff, which as a matter of mutual mistake, were not contemplated or considered in the settlement. See, Larson v. Stowe, 228 Minn. 216, 36 N. W. 2d 601. The discretionary power of a court to set aside its prior approval of a minor's personal injury settlement should be exercised cautiously, and this Court cannot say that the Municipal Court erred or abused its discretionary power in refusing to vacate the settlement made herein fourteen years ago."

We agree with the foregoing conclusions of the district court.

■ Plaintiff, subsequent to oral argument on this appeal, referred us to Rule 1, Rules of Practice, Municipal Court of City of Duluth, 27 M. S. A. (1947) p. 735, in effect at the time the settlement was approved by the municipal court. That rule incorporated by reference District Court Rule 3 (Minn. St. 1941, p. 3982), which provides in part as follows:

"ACTION ON BEHALF OF MINORS; SETTLEMENT.

"(a) In making application for the approval of a settlement of any action brought on behalf of a minor child, the parent or guardian ad litem shall present to the court:

"(1) A verified petition, stating the age of the minor, the nature of the action, if for personal injuries to what extent the minor has recovered therefrom, the reasons justifying the proposed settlement, the expenses which it is proposed to pay out of the amount to be received, the nature and extent of the services rendered by the attorney representing the minor, whether or not an action has been commenced on behalf of the parent or guardian, and, if so, what settlement, if any, has been made in that action, with itemized expenses incurred on behalf of the minor;

"(2) Satisfactory evidence that the settlement is for the best interest of the minor;

"(3) If the action be for personal injuries, an affidavit of the attending physician showing the nature, extent, and probable duration

of the injuries caused by the accident, and the extent of the recovery which has been made therefrom at the time of the presentation of the application.

"The minor shall appear before the court at the time the application is made, and no order approving any settlement shall be made where the action is one for personal injuries until the court has seen and had an opportunity to examine the minor."

It does not appear from the record here that all of the requirements imposed by Rule 3 were satisfied previous to the municipal court order filed April 19, 1944, approving plaintiff's settlement. Plaintiff contends that on this basis court approval of plaintiff's settlement should be vacated. Under the circumstances here, we cannot agree. We believe that rules of court may be waived by the party benefited by the rule either expressly or by his conduct. Day v. Board of Regents, 44 Ariz. 277, 36 P. (2d) 262. See, Martin v. Wolfson, 218 Minn. 557, 16 N. W. (2d) 884; 20 Dunnell, Dig. (3 ed.) § 10135.

Under the circumstances and record here, where no objections were made, we believe that any rights under the rule have been waived.

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.