**Kay Louise STOEBE, Respondent,**

v.

**MERASTAR INSURANCE COMPANY, Appellant.**

No. CX–95–1144.

Court of Appeals of Minnesota.

Dec. 26, 1995.

Review Granted March 19, 1996.

Mary C. Cade, Mark H. Gruesner, Schwebel, Goetz, Sieben & Moskal, P.A., Minneapolis, for respondent.

Michael B. Padden, Hurwitz & Padden, P.L.C., St. Paul, for appellant.

Considered and decided by PETERSON, P.J., and KALITOWSKI and SCHUMACHER, JJ.

## OPINION

PETERSON, Judge.

On appeal from the denial of a new trial motion, Merastar Insurance Company challenges the district court's determination that Minn.R.Civ.P. 68 applied to an offer of judgment made two days before trial began. We reverse and remand.

## FACTS

After being injured in an automobile accident, respondent Kay Stoebe began this lawsuit against appellant Merastar Insurance Company to collect uninsured motorist benefits. In December 1994, the district court issued an order setting the case for trial sometime between March 13, 1995 and April 14, 1995. On March 21, 1995, knowing trial was likely to begin on March 23, 1995, Merastar made the following offer of judgment:

> **Please take notice that pursuant to Rule 68** of the Minnesota Rules of Civil Procedure, [Merastar] hereby makes an offer to allow judgment to be taken against it and in favor of [Stoebe] in the above-entitled action in the sum of Fifteen Thousand and No/100ths ($15,000.00) Dollars.

Trial began on March 23, 1995. Stoebe presented three days of testimony and rested her case. On March 27, 1995, Merastar began its case. Following the presentation of testimony on March 27, Stoebe attempted to accept the offer of judgment. Merastar refused the attempted acceptance. Stoebe moved the district court to enter judgment pursuant to the offer of judgment. The district court determined that under Minn. R.Civ.P. 68, Stoebe had timely accepted the offer of judgment and granted Stoebe's motion.

## ISSUE

Does Minn.R.Civ.P. 68 apply to the offer of judgment Merastar made on March 21, 1995?

## ANALYSIS

 The decision whether to grant a new trial lies within the district court's discretion and will not be reversed on appeal absent an abuse of discretion. *Halla Nursery, Inc. v. Baumann–Furrie & Co.*, 454 N.W.2d 905, 910 (Minn.1990). But construction of a rule of civil procedure is a question of law subject to de novo review. *See State v. Johnson*, 514 N.W.2d 551, 553 (Minn.1994) (conflict between statute and rule of civil procedure was question of law subject to de novo review).

Minn.R.Civ.P. 68 provides:

> At any time prior to 10 days before the trial begins, any party may serve upon an adverse party an offer to allow judgment to be entered to the effect specified in the offer or to pay or accept a specified sum of money, with costs and disbursements then accrued, either as to the claim of the offering party against the adverse party or as to the claim of the adverse party against the offering party. Acceptance of the offer shall be made by service of written notice of acceptance within 10 days after service of the offer. If the offer is not accepted within the 10–day period, it is deemed withdrawn. During the 10–day period the offer is irrevocable. If the offer is accepted, either party may file the offer and the notice of acceptance, together with the proof of service thereof, and thereupon the court administrator shall enter judgment. * * * If the judgment finally entered is not more favorable to the offeree than the offer, the offeree must pay the offeror's costs and disbursements. The fact that an offer is made but not accepted does not preclude a subsequent offer.

The advisory committee note regarding the 1985 amendment to the rule states:

> The principal effect of making an offer of settlement under Rule 68 is to shift the burden of paying costs properly taxable under Minn.R.Civ.P. 54.04. Nothing in the rule limits the use of any other devices to encourage the settlement of actions or to reach agreement upon settlement. Thus, although Rule 68 does not apply to any offers of settlement made within ten days before trial, neither does it prohibit such offers. An offer made within ten days before trial does not shift the responsibility for taxable costs.

Minn.R.Civ.P. 68 1985 advisory comm. note.

▆ When the words in a rule are clear and unambiguous, a court must give effect to the plain meaning of the language. *See Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986) (when words in statute are clear and unambiguous, court must give effect to plain meaning of language); *House v. Hanson*, 245 Minn. 466, 473, 72 N.W.2d 874, 878 (1955) (applying rule of statutory construction when construing civil procedure rule). The unambiguous language of rule 68 and the advisory committee comment expressly state that rule 68 applies to an offer of judgment made prior to 10 days before trial begins. We, therefore, conclude Minn. R. Civ. P. 68 did not apply to the offer of judgment Merastar made two days before trial began. Once trial began, Stoebe no longer could accept the offer of judgment Merastar made pursuant to rule 68.

▆ Our construction of rule 68 is consistent with the rule's purpose. The purpose of rule 68

> is to encourage settlement of actions * * * by providing an incentive within the provision that shifts the burden of paying the costs and disbursements to the offeree if the trial outcome is not as favorable as the offer.

*Provident Mut. Life Ins. Co. v. Tachtronic Instruments, Inc.*, 394 N.W.2d 161, 166 (Minn.App.1986). Because of the high potential for variation in the value of a lawsuit once trial begins, allowing a rule 68 offer of judgment to remain open during trial would "give the offeree an overwhelming tactical advantage." *Greenwood v. Stevenson*, 88 F.R.D. 225, 228 (D.R.I.1980). "[T]his practical pitfall is what the ten-day rule is meant to avoid." *Id.* at 229; *see* Minn. R. Civ. P. 68 1985 advisory comm. note (Minnesota practice conforms to practice under Fed.R.Civ.P. 68). Our construction of rule 68 encourages settlement offers to be made until trial actually begins, yet protects an offeror from being locked into an unfavorable settlement position.

▆ Stoebe argues that by making an offer pursuant to rule 68 knowing trial was likely to begin in two days, Merastar waived the ten-day provision of rule 68. *See Saylor v. Sass*, 258 Minn. 300, 305, 104 N.W.2d 36, 39 (1960) (party benefitted by court rule may waive rule expressly or by conduct). We disagree. Generally, it is impossible to determine in advance an exact starting date for trial. *Greenwood*, 88 F.R.D. at 229 n.2. Allowing a party to waive rule 68's ten-day provision would discourage rule 68 offers of judgment from being made when there was a possibility that trial might begin within ten days because an offeror would not want to give an offeree the tactical advantage that could arise if the offer were required to remain open after trial began.

## DECISION

The district court erred in determining that Minn.R.Civ.P. 68 applied to the offer of judgment Merastar made two days before trial began. We reverse the district court's judgment and remand for a new trial.

**Reversed and remanded.**

SCHUMACHER, Judge (dissenting).

I respectfully dissent. Merastar waived the 10–day provision of Minn.R.Civ.P. 68 and Stoebe timely accepted the offer of judgment. Rule 68 specifically provides that the offer is irrevocable for a period of 10 days. A party benefitted by a court rule may waive the rule expressly or by conduct. *Saylor v. Sass*, 258 Minn. 300, 305, 104 N.W.2d 36, 39 (1960). Merastar admits knowing trial was likely to begin in two days when it expressly made an offer of judgment pursuant to rule 68. By making the offer of judgment so

close to trial, Merastar placed the onus on Stoebe to determine under pressure whether to accept Merastar's offer or proceed through trial and risk having costs and disbursements assessed against her. Merastar's position in this case is untenable. As the trial judge noted in his memorandum: "[I]t seems to me you can't make the offer and then take advantage of the fact that it was made in an untimely fashion."