Kay Louise STOEBE, Petitioner, Appellant,

v.

MERASTAR INSURANCE COMPANY, Respondent.

No. CX–95–1144.

Supreme Court of Minnesota.

Oct. 31, 1996.

Sharaon L. VanDyck, Mary C. Cade, Mark H. Gruesner, Schwebel, Goetz, Sieben & Moskal, P.A., Minneapolis, for appellant.

Michael B. Padden, Kenneth R. Swift, Padden & Swift, P.A., St. Paul, for respondent.

## OPINION

ANDERSON, Justice.

Appellant Kay Louise Stoebe raises the issue of whether respondent Merastar Insurance Company's offer of judgment, made pursuant to Minnesota Rules of Civil Procedure, Rule 68, but served fewer than ten days before the parties' trial began, survived the commencement of trial. The district court held that Merastar's offer of judgment did survive the commencement of trial, but the court of appeals reversed. We affirm.

Appellant Kay Louise Stoebe was injured by an uninsured motorist and brought an uninsured motorist claim against her insurer, respondent Merastar Insurance Company. Stoebe's case was the seventh case set for jury trial in Hennepin County District Court between March 13 and April 14, 1995. It is uncontested that both parties were reasonably certain that the trial would begin on March 23, 1995.

On March 21, 1995, two days before the anticipated trial date, Merastar served upon Stoebe a written "Offer of Judgment" stating:

**PLEASE TAKE NOTICE THAT PURSUANT TO Rule 68** of the Minnesota Rules of Civil Procedure, the above-named Defendant Merastar Insurance Company hereby makes an offer to allow judgment to be taken against it and in favor of the Plaintiff in the above-entitled action in the sum of Fifteen Thousand and No/100ths ($15,000.00) Dollars.

### *ACKNOWLEDGMENT*

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded

pursuant to Minn.Stat. § 549.21, subd. 2, to the party against whom the allegations in this pleading are asserted.

Minnesota Rules of Civil Procedure, Rule 68 allows a party to serve an opponent with an offer to allow judgment to be entered against the party "[a]t any time prior to 10 days before the trial begins." Minn. R. Civ. P. 68. Under the rule, the offer remains irrevocable for ten days, and the offeree may accept it in writing within that ten-day period. *Id.* Stoebe did not immediately accept or reject Merastar's offer, and allegedly rejected the offer orally on March 23, 1995, the date the trial began. On March 27, 1995, six days after Merastar served its offer of judgment and four days into the trial, Stoebe purported to accept the offer in writing. Merastar refused Stoebe's attempted acceptance.

After a hearing, the district court found that Stoebe's acceptance of Merastar's offer was timely, and ordered judgment for Stoebe against Merastar in the sum of $15,000, plus costs and disbursements. Merastar moved for a new trial, but the court denied the motion. The court held that although Rule 68 does not apply to offers of judgment made fewer than ten days before trial, an offer made fewer than ten days before trial is nonetheless irrevocable for ten days·after it is served.

The court of appeals reversed the district court and remanded for a new trial. *Stoebe v. Merastar Ins. Co.,* 541 N.W.2d 600, 602 (Minn.App.1995). The court held that Rule 68 did not apply to Merastar's offer of judgment and that Stoebe could not accept the offer once trial commenced. *Id.* The court also concluded that while Merastar did serve its offer knowing that trial might commence sooner than ten days after service, it did not "waive" the requirement that a Rule 68 offer be served prior to ten days before the trial begins. *Id.* The court concluded that the exact trial date was uncertain, and allowing waiver would discourage litigants from making Rule 68 offers when they faced a possibil-

ity that trial might begin within ten days. *Id.* On appeal, Stoebe contends that any offer made pursuant to Rule 68 must be irrevocable for a full ten days after it is served, regardless of whether the trial begins during that ten-day period.

■■■ A district court may grant a new trial on the ground that the court made an error of law at trial. *See* Minn.R.Civ.P. 59.01(f). Ordinarily, an appellate court reviewing a district court's denial of a motion for a new trial asks only whether the district court abused its discretion. *Halla Nursery, Inc. v. Baumann–Furrie & Co.,* 454 N.W.2d 905, 910 (Minn.1990); *Johnson v. Washington County,* 518 N.W.2d 594, 600 (Minn. 1994). On issues of law, however, the district court's conclusions do not bind an appellate court, and the appellate court need not give deference to the district court's decision. *A.J. Chromy Const. Co. v. Commercial Mechanical Servs., Inc.,* 260 N.W.2d 579, 582 (Minn.1977); *Frost–Benco Elec. Ass'n v. Minnesota Pub. Util. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). The court of appeals has previously held that "[w]hether ·a settlement offer complies with Minn.R.Civ.P. 68 is a question of law." *Hallow v. Filiyaro,* 526 N.W.2d 631, 633 (Minn.App.1995). Here, we review the legal determinations of the lower courts regarding Rule 68 de novo, ·with no presumption of correctness. *See also State v. Johnson,* 514 N.W.2d 551, 553 (Minn.1994) (holding that conflict between a rule of criminal procedure and a statute was a question of law subject to de novo review).

Rule 68 provides parties to litigation with a procedure for making offers of judgment and settlement offers, and for shifting litigation costs to the recipients of such offers [1]:

> At any time prior to 10 days before the trial begins, any party may serve upon an adverse party an offer to allow judgment to be entered to the effect specified in the offer or to pay or accept a specified ˙sum of money, with costs and disbursements then accrued, either as to the claim of the offering party against the adverse party or as

---

·**1.** Offers of judgment were governed by Minn. Stat. § 546.40 (1949) prior to the adoption of the precursor to current Rule 68 in 1952. *See* 2A David F. Herr & Roger S. Haydock, *Minnesota*

*Practice* § 68.3 (1985). Because both the statute and the rule follow the same practice, decisions under the statute "will still have persuasive force." *Id.*

to the claim of the adverse party against the offering party. Acceptance of the offer shall be made by service of written notice of acceptance within 10 days after service of the offer. If the offer is not accepted within the 10–day period, it is deemed withdrawn. During the 10–day period the offer is irrevocable. If the offer is accepted, either party may file the offer and the notice of acceptance, together with the proof of service thereof, and thereupon the court administrator shall enter judgment. An offer not accepted is not admissible, except in a proceeding to determine costs and disbursements.

Nearly identical to its federal counterpart,[2] Rule 68 is intended "to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 3014, 87 L.Ed.2d 1 (1985). The rule's cost-shifting provision gives parties an incentive to make offers of judgment: "If the judgment finally entered is not more favorable to the offeree than the offer, the offeree must pay the offeror's costs and disbursements." Minn.R.Civ.P. 68.

■ At issue in this case is whether an offer of judgment made pursuant to Rule 68, but served within ten days of the date trial actually begins, remains viable for a full ten days after it is served despite the commencement of trial. We answer the question in the negative, and hold that an offer of judgment made pursuant to Rule 68, but served within ten days of trial, terminates when trial begins.

In so holding, we recognize that allowing an offeree to accept an offer after trial has commenced would produce an inequitable result. As the court in *Greenwood v. Stevenson* persuasively stated:

The performance of witnesses and opposing counsel, the reactions of the jury, and the evidentiary rulings of the court can drastically alter a party's prior assessment of its chances for success. To permit a binding offer of judgment to remain open

during those critical days of trial would be to give the offeree an overwhelming tactical advantage.

88 F.R.D. 225, 228 (D.R.I.1980).

■ Our holding must strike a balance between the important goal of encouraging settlement and the need for certainty in the rules governing the conditions under which a party will be penalized for rejecting an offer of judgment by having costs assessed against it. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981) (discussing the cost-shifting feature of Fed.R.Civ.P. 68 as an inducement to settle). It would be unfair to permit offerors to reap the cost-shifting benefits of offers when the offeree does not have a full ten-day period to contemplate acceptance during which the offer is irrevocable. We conclude, therefore, that the recipient of an offer served within ten days of the date trial begins is not required to pay the offeror's costs if the judgment finally entered is not more favorable than the offer.

Our interpretation of Rule 68 is consistent with the advisory committee's note to the rule, which states that "Rule 68 does not apply to any offers of settlement made within ten days before trial" and that "[a]n offer made within ten days before trial does not shift the responsibility for taxable costs." Minn.R.Civ.P. 68 advisory committee's note (1985). Prior Minnesota caselaw further supports our holding. In *Mansfield v. Fleck*, decided under a statutory predecessor to Rule 68, this court held that an offer of judgment made within ten days before trial began "came too late to be effectual for any purpose" and, therefore, the offeror could not shift costs to the offeree. 23 Minn. 61, 62 (1876). The court implied, however, that the offer could have been accepted until the commencement of trial. *Id.* Our conclusion is also consistent with the holdings and reasonings of courts in other jurisdictions.[3]

---

2. While the Minnesota rule is "not identical" to Fed.R.Civ.P. 68, "the Minnesota practice * * * conform[s] to practice under Federal Rule 68." Minn. R. Civ. P. 68 advisory committee's note (Supp.1985).

3. *See Braham v. Carncross*, 514 So.2d 71, 73 (Fla.Dist.Ct.App.1987) (stating that the framers of a rule substantially equivalent to Rule 68 "intended the rule to act as an inducement to settle litigation prior to trial," and "[t]o allow acceptance of an offer any time after the commencement of trial would completely thwart this objec-

We note that the trial in this case began fewer than ten days after Merastar served its offer of judgment upon Stoebe, but we are not prepared to say that Merastar's offer was outside of Rule 68 when made. We recognize that even reasonably certain trial dates are changeable, and believe that a "wait-and-see" approach [4] might best accommodate the goal of settlement and the needs of the parties. Accordingly, we restrict our holding to the conclusion that Merastar's offer terminated when the trial began on March 23, 1995.

 We decline to hold that Merastar is estopped from claiming that Rule 68 did not apply to its offer even though the offer was expressly labeled "pursuant to Rule 68." [5] The doctrine of equitable estoppel requires the plaintiff to demonstrate that the defendant induced the plaintiff's good faith reliance on the defendant's language or conduct to the plaintiff's injury, detriment or prejudice. *Ridgewood Dev. Co. v. State*, 294 N.W.2d 288, 292 (Minn.1980). Merastar's offer terminated as a matter of law when trial commenced two days after service. In making the offer "pursuant to Rule 68," Merastar did not represent to Stoebe that the offer would remain viable after trial commenced. Even if Merastar had represented as much, this erroneous conclusion of law would not estop Merastar from subsequently asserting its rights under the correct rules of law. *See* 31 C.J.S. *Estoppel* § 116 (1964).

It is undisputed in this case that Stoebe's purported acceptance of Merastar's offer of judgment was not made until March 27, four days after the trial began. Therefore, we need not reach the specific issue of precisely when trial begins for the purpose of determining when an offer of judgment made pursuant to Rule 68 terminates.

We affirm the court of appeals' reversal of the district court and remand for a new trial.

---

tive"); *Kennard v. Forcht*, 495 So.2d 924, 925 (Fla.Dist.Ct.App.1986) (holding that "under no circumstances does the rule permit a party to accept an offer of judgment once trial has begun"). *See also Preuss v. Stevens*, 150 Ariz. 6, 721 P.2d 664, 665 (App.1986) (holding that an offer of judgment is "ineffectual for any purpose" after the district court has ruled on a motion for summary judgment); *Larson v. A.T.S.I.*, 859 P.2d 273, 275 (Colo.Ct.App.1993), *cert. denied* (Colo., Sept. 27, 1993) (holding that an offer of judgment served fewer than ten days before trial could not be accepted after a jury verdict was entered in favor of the offeror: "[A] post verdict acceptance would neither comport with the legislative intent to encourage settlements prior to trial nor would a just and reasonable result flow from such interpretation of the statute.").

4. *See Loy v. Leone*, 546 So.2d 1187, 1189 (Fla. Dist.Ct.App.1989) (holding that although offer was made ten days before date that trial was scheduled to commence, offer had no legal effect when trial actually commenced earlier, within ten days of offer); *but see Whitney v. Anderson*, 784 P.2d 830, 832 (Colo.Ct.App.1989), *cert. denied* (Colo., Dec. 19, 1989) (looking to the circumstances surrounding an offer of judgment when the offer was made in determining that the offer complied with the timing requirements of C.R.C.P. 68).

5. Stoebe argues that Merastar "waived" its right to claim that Rule 68 did not apply to the offer. This argument is more appropriately characterized as an estoppel argument.