BURTON J. BRANTON v. WILLIAM E. McLAUGHLIN.[1]

December 10, 1909.

Nos. 16,266—(56).

**Demurrer to Reply.**

A demurrer reaches back to the first fault in the pleadings; so that, upon a demurrer to the reply, defendant may attack the complaint. Bausman v. Woodman, 33 Minn. 512, followed and applied.

**Complaint Not Demurrable.**

A complaint, alleging failure to conform to certain representations as to the transfer of a physician's practice and of his appointment as surgeon for a named railroad company, is held not to be demurrable.

[1] Reported in 123 N. W. 808.

Action in the district court for Ramsey county to recover $1,500 damages for defendant's failure to turn over to plaintiff his practice as physician and surgeon for a certain railroad as agreed in his contract. The substance of the pleadings is stated in the opinion. From an order, Hallam, J., overruling defendant's demurrer to the reply, he appealed. Affirmed.

A. E. Horn, for appellant.

J. F. Hilscher, for respondent.

JAGGARD, J.

Plaintiff and respondent brought this action to recover $1,500 with interest, from defendant and appellant.

The complaint set forth: Defendant, a physician and surgeon, represented to plaintiff that he (defendant) had a large and lucrative business as a physician and surgeon in a named place; that he had been appointed by a named railroad company as its physician and surgeon at that place, which appointment defendant offered to and would sell and turn over to plaintiff. This was a considerable part of the business, and worth $1,500. The other part of his business, together with certain personal property, was worth $1,500 more. He offered to sell all to plaintiff for $3,000. Plaintiff, believing these statements, representations, and agreements, and induced thereby to buy, accepted defendant's offer and paid defendant $3,000 therefor. Defendant performed the agreement, except in this: That he failed in effect to transfer and deliver to plaintiff the appointment as local physician and surgeon of the railroad company. Thereby plaintiff was damaged in the sum of $1,500.

The answer alleged: The only contract made by the defendant and plaintiff with reference to sale of the property and business of defendant was in writing, and in terms provided that defendant sold to plaintiff "the following described goods, chattels, and personal property, to wit: His business as a physician and surgeon [at a named place], together with his good will, and all personal property belonging to him, of whatsoever name or nature, including medical instruments, * * * etc., used in his profession and situate in rooms, * * * reserving therefrom [specific articles named]." Defend-

ant further agreed to refrain from practicing his profession at the named place, or at any point within fifteen miles thereof, for a period of five years.

Plaintiff's reply admitted the execution of the written bill of sale, and denied all other allegations. Defendant demurred to the reply, on the ground that it did not state facts sufficient to constitute a defense or reply to any of the new matter contained in said answer, and that it was insufficient. The court overruled the demurrer. This appeal was taken from that order.

If the demurrer involved only the answer and reply, it was not well taken; for the answer alleged that the only agreement was the one reduced to writing, and, as the learned trial court pointed out, the reply denies this. But the majority of the court are of the opinion that in the language of Berry, J., "a demurrer reaches back to the first fault in pleading; so that, upon demurrer to the reply, defendant may attack the complaint." Bausman v. Woodman, 33 Minn. 512, 24 N. W. 198. And see First National Bank v. How, 28 Minn. 150, 9 N. W. 626. Cf. Baldwin v. City of Aberdeen (S. D.) 123 N. W. 80. Accordingly that demurrer operates as a motion for judgment on the pleadings, and is practically a demurrer to the complaint. We are then confronted by the question whether, inasmuch as the demurrer is not good so far as the answer and reply are concerned, the complaint stated a valid cause of action.

That complaint is a long and involved one. We have referred to it, and attempted to summarize its provisions. It is not, however, stated in full. That it sets forth an agreement identical with the written contract set forth in the answer is neither clear nor certain, although it is in many respects similar; for an oral contract might have been made, subsequently to execution of a written contract, which might have been valid, and perhaps provable under the complaint. We must deal with that complaint as upon any other demurrer. It is entitled to all reasonable presumptions in its favor. It is to be liberally construed in favor of the party on whose behalf it was asserted. The question is, then, whether under any reasonable view of it plaintiff's complaint states a cause of action. That hypothetical view may or

may not agree with the actual facts as they may be shown upon trial. If that view should be different from the case proved, and we should have decided that this complaint does set forth a cause of action, then we have considered and·determined an abstract and irrelevant proposition. On the other hand, if after trial the case is appealed, the actual facts will be presented on defendant's record, and an actual decision on the merits will be reached. At the present time we are not prepared to hold that, upon the assumption of the truth of all facts provable under a liberal construction of the complaint, enough has not been stated to constitute a cause of action. Under all the circumstances, we conclude that the trial court properly overruled the demurrer.

Affirmed.

BROWN, J., took no part.