HARRY A. KIRK, ADMR., RESPONDENT, v. METROPOLITAN LIFE INSURANCE CO., APPELLANT.—38 S. W. (2d) 519.

Kansas City Court of Appeals. Opinion filed May 4, 1931.

*Landes & Landes, Leroy A. Lincoln* and *Joseph H. Collins* for appellant.

*L. P. Robinson, R. E. Kavanaugh* and *Woodruff & Woodruff* for respondent.

BLAND, J.—This action, in three counts, was begun on December 9, 1926, by plaintiff as administrator of the estate of Belva Kirk, deceased. Each count of the petition is on a policy of life insurance issued on July 23, 1923, by defendant insuring the life of the said Belva Kirk in favor of her executors or administrators. Insured died on December 11, 1923. The court directed a verdict in favor of plaintiff on all three counts of the petition which resulted in a judgment in his favor in the sum of $971.12. Defendant has appealed.

The amended answer, filed on February 21, 1927, pleads several defenses to the cause of action. The answer alleges that the policies of insurance were applied for by some one, other than Belva Kirk, who had no insurable interest in her life and that no right of any kind or character accrued under the policies to any person; that in the application (dated July 7, 1923) for the policies it was stated that insured was in good health, had never been attended by a physician for any serious illness, had never suffered any pulmonary or other diseases therein mentioned, including diseases of the urinary organs and if these statements were wilfully misrepresented the policies should be rendered void. It is alleged that these statements were representations and warranties and were for the purpose of inducing defendant to issue the policies; that they were false. in that, at the time of the application the insured was not in good health but was suffering from tuberculosis, had been treated for pelvic infections and had been operated upon for diseases of the urinary organs and tumors; that the policies provided that the defendant assumed no obligation unless upon the date thereof insured was alive and in good health; that on the date of the delivery of the policies insured was not in good health; that she was suffering from tuberculosis and had been treated by physicians for this disease, from which disease she died; that at the time of the delivery of the policies insured was affected with pelvic infections and pus tubes, was under the care of a physician for this trouble; that prior to the date of the policies insured was operated upon for this trouble; that this operation was not fully healed at the time of the application for the policies and that this trouble contributed to the death of insured; "that the misrepresentations and fraud practiced by the said applicant in obtaining said policy (policies) of insurance concerning facts and matters that actually contributed to said Belva Kirk's death did render the policy (policies) void."

The reply, filed on December 3, 1929, consists of a plea of *res adjudicata*, pleading the petition, answer and judgment in a suit brought by the defendant herein in the circuit court of Grundy county, Missouri, on July 11, 1925. Said suit was for cancellation of the policies of insurance in question and the company pleaded therein substantially the same matter for grounds of cancellation as that contained in the answer in the case at bar, except that lack of insurable interest was not pleaded in that case. However, the reply in the case at bar alleges that such lack of insurable interest could have been properly pleaded in the petition in the cancellation suit. The reply herein also contained a general denial.

The cancellation suit was brought by the defendant herein against Harry A. Kirk, Ed Harris, Dora Harris, Mattie C. Kirk

and Bertha McDonald. It was alleged in the petition that the defendants therein, Harry A. Kirk, Ed Harris and Dora Harris, were the sole heirs of Belva Kirk, deceased; that deceased died intestate and there had been no administration on her estate; that the defendants, Mattie C. Kirk and Bertha McDonald "claimed to have some interest in the proceeds of the life insurance policies;" that the policies contained the following "non-contestability" clause:

"This policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from the date of its issue except for non-payment of premiums, fraud or misstatement of age; and that within the said period of two years it has a right to bring its bill in equity to have said policy cancelled as having been obtained by fraud:"

"that under the incontestability clause as hereinbefore set out this plaintiff might be precluded from any defense to which it would otherwise be entitled unless said defense is made within two years from the date of said policy (policies), and that this plaintiff is of the opinion and belief that delay in the appointing of an administrator and in bringing suit by proper party on said policy (policies) is for the purpose of permitting the two years to elapse and thus deprive this plaintiff of its right to a defense by reason of the false statements, warranties and misrepresentations as hereinbefore set forth."

No pleading was filed on behalf of any of the defendants in that case except Harry A. Kirk, Bertha McDonald and Mattie C. Kirk, who filed an answer consisting of a general denial, a plea of waiver of the conditions in the policies and application pleaded in the petition and an allegation that insured had died prior to the institution of the action and that by reason thereof plaintiff had no right to bring it. The court in that case rendered a judgment general in form finding "the issues herein joined in favor of defendants." There is a dispute between the parties herein as to whether this judgment was upon the merits or one amounting to no more than dismissing plaintiff's bill without prejudice for lack of equitable jurisdiction. However, for the purpose of the case, we may treat it as a judgment on the merits.

An appeal was taken by the plaintiff therein to the Supreme Court which was pending on June 9, 1926, when this suit was filed. During the February term, 1927, defendant in the case at bar, filed a plea in abatement alleging that the cancellation suit was then pending on appeal; that that suit was upon the same cause of action and between the same parties as the instant suit, and that the present suit was brought for the benefit of defendants in the cancellation suit. On April 22, 1929, the cancellation suit was

dismissed in the Supreme Court on the ground that appellant had failed to comply with the rules of that court. The present action was tried on February 24, 1930.

Plaintiff's evidence tends to show that he had been duly appointed administrator of the estate of Belva Kirk, deceased, and that no claims had been filed against it in the probate court. He also introduced in evidence, the pleadings, the judgment, the record of the appeal and its dismissal in the cancellation suit and also the plea in abatement in the present suit. The court sustained objections to the offers of proof of defendant tending to sustain the allegations of the answer herein, on the ground that the judgment in the cancellation suit was *res adjudicata* of the defenses raised in the present action, and, at the request of plaintiff, directed a verdict in his favor.

The sole question raised on this appeal is whether or not the judgment in the cancellation suit is *res adjudicata* of this suit. Defendant advances a number of reasons why it is not, one being that the parties in the two suits are not identical and are not in privity with each other. We think that this contention must be upheld. For the former suit to be *res adjudicata* of this one, it would have been necessary for plaintiff in this action to have been a party to that action or that he be a privy in estate, in blood, or in representation to the parties in the former suit. [Overshiner v. Britton, 169 Mo. 341, 350.] There is no *res adjudicata* unless the second suit is not only between the same parties but between them in the same right or capacity. [15 R. C. L. 1012, 1013; 34 C. J., pp. 756, 757, 894, 998, 999; State ex rel. v. Branch, 134 Mo. 592; Meyer v. Nischwitz, 198 Mo. App. 101; Troxel v. Railroad, 227 U. S. 334, 443, 444; Cook v. Elmore, 27 Wyo. 163; Terrill v. Boulware, 24 Mo. 254; Keeton v. National Union, 178 Mo. App. 301, 305, 306; Winham v. Kline, 77 Mo. App. 36; Dibert v. D'Arcy, 248 Mo. 617, 661; Bell v. Hoagland, 15 Mo. 360.]

In the cancellation suit Harry A. Kirk, Ed Harris and Dora Harris were sued as heirs of the insured. Here Harry A. Kirk, one of the defendants in the cancellation suit, brings the present suit in his capacity as administrator. Therefore, Harry A. Kirk, not being a party to both suits in the same capacity, the judgment in the cancellation suit is not *res adjudicata* of this one. However, plaintiff contends:

"It does not seem to be the law that an essential element to *res adjudicata* be that identical parties be affected. It would seem to be enough that the *interest* sought to be bound has been represented by one having the *same interest to protect*. In other words, the plaintiff here had the same interest to protect as he had in the first suit. If the estate of Belva Kirk got nothing, by reason of

the policies being declared void, he would get nothing. If there were no creditors, as was shown, their interest being barred by failure to file claim within the limitation period then the same interests were represented in both suits. . . .

"Appellant loses sight of the fact that we are not dealing with different interests in this suit but with the *same interest*, the interest of the heirs and next of kin, there being no creditors."

Assuming that it is not a mere question of the capacity in which a party sues or is sued that determines the question but whether the interests are identical in the two suits, we are not impressed with plaintiff's argument. It is well settled that a judgment in a suit for or against an administrator in his personal capacity is not *res adjudicata* in another suit, although involving the same claim or issues. Here the administrator is a party in his official capacity (see cases last cited). An administrator has not the same interest to protect in his capacity as such as in his personal capacity, although he may be an heir or next of kin. An administrator, not only has the interest of the heirs or next of kin to protect, but creditors. The mere fact that no claims have been filed by creditors within the time provided by the statute of limitations (see sec. 182, R. S. 1919) is not conclusive evidence that there are no creditors with valid claims against the estate. While the statute says that all claims shall be exhibited within one year or shall be forever barred, it provides that the statute shall be tolled in favor of infants, persons of unsound mind or imprisoned, and married women during the existence of their disability. In the second place the statute does not begin to run unless there is a notice of the granting of the letters, not only published, but properly published, and even then the limitation does not run against contingent claims that do not become fixed within one year after the granting of letters. [Binz v. Hyatt, 200 Mo. 299; State ex rel. v. Branch, supra.] It has been held flatly that a judgment against an administrator in his individual capacity is not *res adjudicata* in a suit by him in his official capacity, and that a judgment against an administrator in his official capacity is not *res adjudicata* of a suit by him in his personal capacity. [See Troxell v. Railroad, supra; Cook v. Elmore, supra.] Had the former judgment been in favor of the insurance company and against Harry A. Kirk in his individual capacity and the other heirs joined as defendants it would not have been *res adjudicata* of this suit and, therefore, the judgment actually rendered in the cancellation suit ought not to be *res adjudicata* of the issues raised by the defendant in this suit. There is no claim of any privity between the defendants in the cancellation suit and the plaintiff in this suit.

The case of Railroad v. Troxell, 200 Fed. 44, mainly relied upon by the plaintiff was overruled by the Supreme Court in Troxell v.

Railroad, 227 U. S. 434, 443, 444. The case of Williams v. City of Hayti, 184 S. W. 470, cited by plaintiff is an unusual one. In that case it was held that the city was estopped by a judgment brought in a suit by certain property holders in the city who sued as members of the public to have the matter in issue determined when, in the second suit the city was seeking to do the same thing for the public. It appears that the Williams case was decided upon the doctrine of virtual representation although it is not so stated. This doctrine permits one or more members of a class, in certain instances, to sue or defend in behalf of all on the theory that all members of the class will be beneficially affected thereby. There is no room for the application of any such doctrine in the case at bar. The heirs who were sued in the cancellation suit could not have represented the plaintiff in the present suit on the theory that defendants there and plaintiff here were members of the same class. The right or capacity is different. As before stated, an administrator, acting as such, is not a party to a suit in the same right or capacity as he is in another suit wherein he is a party as an individual. Assuming that there is an exception to this rule and that there may be room for the application of the doctrine of *res adjudicata* where two different capacities are involved, in such an event the rights or interests must be the same (34 C. J., p. 998) and in order for them to be the same in the cases now under consideration plaintiff in the present case must be treated as having no substantial but merely nominal representative capacity. From what we have said that is not the case here.

It is urged that defendant is estopped to claim that there is no *res adjudicata* in this case because of the filing of its plea in abatement. This plea was introduced in evidence by plaintiff as an abandoned pleading. It is well settled that a party is not conclusively bound by the allegation of an abandoned pleading (21 C. J. pp. 1064, 1065; 32 C. J., p. 337) and the record introducted by plaintiff himself contradicts the allegation of defendant's plea in abatement. It is claimed that the plea in abatement was filed to "hold up a decision in the instant case while the appeal in the equity case was pending." Assuming that this was the purpose, it is well settled that one is not estopped unless there is injury to one's adversary (21 C. J., pp. 1135, 1148) and no injury is shown in this case.

The judgment is reversed an the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.

#### On Rehearing.

Upon reconsideration, we are convinced the cause was correctly ruled in the opinion written by Judge Bland upon the original submission, and to that opinion we adhere.

The judgment is reversed and the cause remanded. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur, except, *Trimble, P. J.,* absent.