Alvina CONNEY, individually, and Alvina Conney, Trustee of the Estate of Frank P. Conney, Plaintiffs,

v.

Norman ERICKSON and American Motorists Insurance Company, a foreign insurance corporation, Defendants.

Civ. No. 1002(S).

United States District Court W. D. Wisconsin.

Oct. 25, 1965.

Motion to Vacate Denied March 16, 1966.

Murnane, Murnane, Battis & de Lambert, St. Paul, Minn., for plaintiffs, Gwin & Fetzner, Hudson, Wis., of counsel.

T. H. Skemp, LaCrosse, Wis., for defendants.

JAMES E. DOYLE, District Judge.

On April 12, 1962, Alvina Conney commenced this action individually and as the trustee of the estate of her husband Frank P. Conney against Norman Erickson and his insurer. She alleges that Norman Erickson's negligence caused a collision between the vehicle he was driving and a vehicle operated by Frank P. Conney, resulting in Frank P. Conney's death. As an individual (that is, as the surviving spouse of Frank P. Conney), she seeks recovery for her husband's wrongful death. As trustee of Frank P. Conney's estate, she seeks recovery for his pain and suffering and for medical and funeral expenses paid by the estate of Frank P. Conney.

Issue was joined and the action tried in September, 1962. The jury found that both Frank P. Conney and Norman Erickson had been causally negligent, and attributed to Frank P. Conney 60 per cent of the total causal negligence. Judgment was thereupon entered on the verdict, dismissing the complaint. Plaintiff moved for a new trial. This motion was granted.

Meantime, on July 8, 1962 (subsequent to the commencement of the above described action in the United States District Court for the Western District of Wisconsin, hereinafter referred to as the federal court), another action, growing out of the same collision, had been commenced in the district court for the Second Judicial District, County of Ramsey, State of Minnesota (hereinafter referred to as the Minnesota state court). The plaintiff in this Minnesota state court action was Orville A. Erickson, who had been a guest passenger in the motor vehicle driven by Norman Erickson. The defendants were the Material Supply Corporation (the employer of Frank P. Conney at the time of the accident and also the owner of the vehicle

operated by Frank P. Conney), Alvina Conney, as administrator of the estate of Frank P. Conney, and Norman Erickson (Orville's host driver). The defendant Norman Erickson filed an answer in which he denied negligence and cross-claimed against Material Supply Corporation and Alvina Conney, as administrator of the estate of Frank P. Conney, alleging that the accident was due to the causal negligence and carelessness of Frank P. Conney. The defendant Norman Erickson prayed for dismissal of the plaintiff's complaint, or, in the alternative, for contribution from Material Supply Corporation and from Alvina Conney, as administrator of the estate of Frank P. Conney, in the event that Norman Erickson was determined to be liable to the plaintiff Orville Erickson. Defendants Material Supply Corporation and Alvina Conney, as administrator of the estate of Frank P. Conney, filed an answer to the complaint, denying negligence on the part of Frank P. Conney and cross-claimed against Norman Erickson, alleging that the accident was due to the causal negligence and carelessness of Norman Erickson. They prayed for dismissal of the plaintiff's complaint, or, in the alternative, for contribution from Norman Erickson in the event that Material Supply Corporation or Alvina Conney, as administrator of the estate of Frank P. Conney, was determined to be liable to the plaintiff, Orville Erickson. Defendants Material Supply Corporation and Alvina Conney, as administrator of the estate of Frank P. Conney, also filed a third party complaint against Roy T. Erickson. They alleged that at the time of the accident Norman Erickson was acting as an agent for Roy T. Erickson in driving the motor vehicle involved, and therefore Material Supply Corporation and Alvina Conney, as administrator of the estate of Frank P. Conney, were entitled to contribution from Roy T. Erickson in the event that they were determined to be liable to plaintiff Norman Erickson.

While the parties were awaiting the scheduling of a new trial in the federal court action in Wisconsin, the action in the Minnesota state court came to trial. A jury verdict was rendered on September 25, 1964, attributing to Frank P. Conney 100% of the causal negligence. Judgment was entered in the Minnesota state court on March 22, 1965, dismissing the action with prejudice and on the merits as to defendant Norman Erickson and third-party defendant Roy T. Erickson.

On the basis of the verdict and judgment in the Minnesota state court action, the defendants in this present action in the federal court (Norman Erickson and his insurer) have moved for summary judgment. They contend that by the verdict and judgment in the Minnesota state court the issue of the respective negligence of the two drivers, Norman Erickson and Frank P. Conney, has been fully and finally tried and determined. They contend that the plaintiffs in the federal court (Alvina Conney, individually, and Alvina Conney, trustee of the estate of Frank P. Conney) are not entitled to try again the issue of the respective negligence of the two drivers. It is contended that the plaintiffs here are estopped by the verdict and judgment in the Minnesota state court, and that the issue of the respective negligence of the two drivers is *res judicata*. (The contention will be referred to in this opinion as *res judicata*.)

The plaintiffs here, of course, rejoin that under familiar rules *res judicata* operates only with respect to the very issues and to the very parties involved in the earlier action. This contention is correct. In re Richardson's Estate, 250 Iowa 275, 93 N.W.2d 777; Davis v. First Nat. Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1; Ralph Wolff & Sons v. New Zealand Ins. Co. of Auckland, New Zealand, 248 Ky. 304, 58 S.W.2d 623; Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Tex. 23, 169 S.W.2d 969; Tanner v. Bacon, 103 Utah 494, 136 P.2d 957; Hughes v. Union Oil Co. of Arizona, 60 Ariz. 130, 132 P.2d 640. They contend, further, that a natural person is a legal

person separate and distinct from a person acting in a representative capacity, such as an administrator of an estate. This contention is also correct. Rahr v. Wittmann, 147 Wis. 195, 132 N.W. 1107, 36 L.R.A.,N.S., 392; In re Sullivan's Estate, 177 Misc. 570, 30 N.Y.S.2d 954; Kirk v. Metropolitan Life Ins. Co., 225 Mo.App. 756, 38 S.W.2d 519; United States Fire Ins. Co. v. Adirondack Power and Light Corporation, 206 App.Div. 584, 201 N.Y.S. 643; 30 Am.Jur. sec. 398, Judgments, pp. 448–49. Therefore, they contend, Alvina Conney, individually, as a plaintiff in this federal court action, seeking damages for the wrongful death of her husband, is not bound by the outcome of another action to which she was a party only in her representative capacity, namely, as administrator of her husband's estate.

Defendants here seek to avoid the force of these contentions by reliance upon Rude v. Algiers and McCourt v. Algiers, 4 Wis.2d 615 and 607, 91 N.W.2d 198 and 194. Rude was a guest passenger in a vehicle driven by McCourt which collided with a vehicle driven by Algiers. Rude commenced an action in federal court in Wisconsin against McCourt's insurer, which impleaded Algiers and his insurer for contribution. Algiers also cross-complained against McCourt's insurer for his injuries. A jury considered the comparative negligence of McCourt and Algiers and attributed to Algiers 100% of the causal negligence. Judgment was entered dismissing Rude's complaint and Algiers' cross-complaint against McCourt's insurer, and dismissing the complaint of McCourt's insurer against Algiers and his insurer for contribution.

Rude and McCourt thereupon each commenced an action against Algiers in the Wisconsin state court. McCourt contended that the issue of the respective negligence of McCourt and Algiers was *res judicata* as a result of the verdict and judgment in Rude's earlier action in the federal court. Although McCourt had not been a party to the federal court action, the Supreme Court of Wisconsin held that Algiers, who had been a party to the federal court action, was bound by the earlier verdict and judgment.

In its opinion in McCourt the Supreme Court of Wisconsin rejected the view that mutuality is universally required in the operation of *res judicata*. 4 Wis. 2d 607, 612–613, 91 N.W.2d 194. In so deciding, the Court explicitly held that McCourt would not have been bound by the outcome of the earlier action to which she had not been a party, but that Algiers was bound since he had been a party. Whatever the significance of the McCourt decision, its doctrine clearly would not bind Alvina Conney, as an individual, by a verdict and judgment in an earlier action to which she, as an individual, was not a party. Perhaps Norman Erickson, who was a party to both actions, might be bound in the second action by an adverse verdict and judgment in the earlier action (just as Algiers was bound), but Alvina Conney, as an individual, is not bound by the earlier adverse verdict and judgment (just as, so the Wisconsin Supreme Court said, McCourt would not have been bound).

There remains the question whether Alvina Conney, as trustee of the estate of Frank P. Conney, may in this action sue for damages for her husband's pain and suffering and for medical and funeral expenses paid by her as said trustee, inasmuch as the said Alvina Conney, as administrator of her husband's estate, had been made a party defendant in the Minnesota state court. (We will consider that there is no significant distinction between her designation as "trustee" in the present action and as "administrator" in the other; that is, that she sues here in the same representative capacity in which she was sued in the other action.) It appears that Alvina Conney, as administrator, did not counter-claim in the Minnesota state court for the damages she seeks as trustee in the present action. Thus, she is free to seek them here unless she was obliged to seek them there. Rule 13.01 of the Minnesota Rules of Civil Procedure (like Rule 13(a) of the Federal

Rules of Civil Procedure) does not compel a defendant to counter-claim in an action if at the time the action was commenced, the claim was the subject of another pending action. The Minnesota state court action was commenced July 8, 1962. The present action in the federal court, in which Alvina Conney as trustee had asserted these claims, was commenced April 12, 1962. Therefore, Alvina Conney as administrator was not obliged to interpose a counter-claim for these damages in the Minnesota state court action.

For the reasons given, the defendants' motion for summary judgment is denied.

### On Motion to Vacate

Defendants have moved that the above order be vacated and that summary judgment for the defendants be entered.

In connection with the motion to vacate, defendants place their entire emphasis on the proposition that although Alvina Conney was a party to the action in the Minnesota state court only in her capacity as administrator of her husband's estate, and not individually and in her own right, she as an individual was privy with the administrator of her husband's estate. Therefore, she as an individual is bound by the Minnesota judgment, in the same degree as the administrator is bound. To put it otherwise, defendants suggest that the emphasis in our earlier opinion upon the distinction between Alvina Conney as administrator and Alvina Conney individually was misplaced. Conceding that these are two distinct legal persons, defendant argues, they may nevertheless be privy with one another, just as two natural persons may be privy.

It is true that there is privity between the administrator of an estate and a beneficiary of an estate in certain situations. For example, if Alvina Conney, as administrator of her husband's estate, had brought an action against Norman Erickson (as driver of the other vehicle involved in the accident) for her husband's pain and suffering, and if judgment had been entered for Norman

Erickson on the merits, and if Alvina Conney then brought an action under the wrongful death act for the benefit of herself and her children, and if she and the children are the sole beneficiaries of her husband's estate, then it appears that her action for wrongful death would be barred by the judgment in the administrator's action for pain and suffering. See A.L.I., Restatement of the Law of Judgments (1942), Sec. 92, Illustration 5, pp. 455, 459.

In the present situation Alvina Conney has brought only one action—the action now pending in this court. In this present action the two causes of action are combined; that is, she sues as an individual for the wrongful death of her husband and she sues as administrator (or "trustee") for his pain and suffering and for medical and funeral expenses paid by his estate. There is no prior judgment, either favorable or adverse, with respect to either cause of action.

There is, however, a Minnesota judgment in an action brought *against* her as administrator by a guest in the other vehicle. It appears that the relative causal fault of her husband and the driver of the other vehicle was directly in issue in the Minnesota action and that the verdict and judgment therein attributed 100% of the causal fault to her husband. Defendants contend that Alvina Conney as administrator is bound by the resolution of that issue in the Minnesota action, and that Alvina Conney individually, because privy with Alvina Conney as administrator, is also bound.

Defendants stress that in the Minnesota action, Alvina Conney as administrator had cross-claimed against Norman Erickson (host to the plaintiff guest) and had filed a third-party complaint against a Roy Erickson on the theory that Norman Erickson was acting as agent for Roy Erickson in driving the motor vehicle involved. However, both the cross-claim and the third-party complaint were wholly defensive; both sought only contribution in the event that Alvina Conney as administrator was ultimately held liable to Orville Erick-

son; neither pleading asserted either a claim for the wrongful death of her husband or a claim for his pain and suffering and medical and funeral expense.

If Alvina Conney as administrator is indeed bound by the resolution of the issue of relative causal fault in the Minnesota action, then we must reach defendants' contention that Alvina Conney individually (with respect to a wrongful death action) is also bound, by rules of privity. But if Alvina Conney as administrator is not bound by the resolution of the issue of relative causal fault in the Minnesota action, then we need not reach the question whether Alvina Conney individually is bound, indirectly by rules of privity.

We hold that Alvina Conney as administrator is not bound by the resolution of the issue of relative causal fault in the Minnesota action. In our earlier opinion we considered whether Alvina Conney as administrator was compelled to counter-claim in the Minnesota action. We concluded that she was not because her cause of action as administrator for her husband's pain and suffering and medical and funeral expense had been embodied in this present action commenced in the federal court in Wisconsin *prior* to the commencement of the Minnesota state court action against her. This time sequence, we said, excused her from Minnesota's compulsory counter-claim rule. Rule 13.01, Minnesota Rules of Civil Procedure.

■ Upon further reflection and study, we conclude that there was a broader and more compelling ground which excused her as administrator from counter-claiming against her co-defendant there, Norman Erickson (the driver of the other vehicle), on his cross-claim against her as administrator for contribution in the event that he (Norman Erickson) was determined to be liable to the plaintiff Orville Erickson (Norman's guest). This broader and more compelling ground is that personal injury and property damage claims in tort are clearly excluded from Minnesota's compulsory counter-claim rule. Whereas

Rule 13(a) of the Federal Rules of Civil Procedure compels a counterclaim if it arises out of the same "transaction or occurrence", Minnesota's Rule 13.01 omits the words "or occurrence". The history of this omission is examined in detail in House v. Hanson, 245 Minn. 466, 72 N.W.2d 874. The court quoted from the report of its advisory committee which drafted the rules (245 Minn., at 472, 72 N.W.2d, at 878):

"The Committee fears that compulsory counterclaims in personal injury and other tort actions may work a hardship in cases where, for instance, the defendant's injury is presently unknown or where he is not represented by an attorney who appears primarily for him, and suggests that the compulsion be limited to counterclaims arising out of the 'contract or transaction' which is the subject of the opposing party's claim. The phrase is taken from sec. 544.05 which permits, but does not compel, such counterclaims."

Then the Court declared flatly (245 Minn. at 472–473, 72 N.W.2d at 878): "We hold therefore that the word 'transaction' as used in Rule 13.01 does not embrace claims in tort and that therefore the failure of a defendant to assert as a counterclaim any claim he has against the plaintiff does not estop him from asserting such claim in an independent action against the plaintiff."

■■ Since it is the force of the Minnesota judgment upon which defendants here rely, coupling it with the Wisconsin doctrine embodied in Rude v. Algiers and McCourt v. Algiers, 4 Wis.2d 607 and 615, 91 N.W.2d 194 and 198 (1958), it is of critical importance to determine what that force is. From the wording of Minnesota's Rule 13.01, from its legislative history, and from the holding in House v. Hanson, supra, we conclude that Alvina Conney as administrator, as a defendant to the complaint and to the cross-claim of Norman Erickson, was entitled to assume a wholly defensive position, as she did, without becoming bound in any way by the outcome with respect to her inde-

pendent action against Norman Erickson. If Alvina Conney as administrator is not bound, clearly Alvina Conney individually is not bound.

The motion to vacate, accordingly, has been denied. The order of October 25, 1965, denying the motion for summary judgment has been reaffirmed.