D. Scott VANDENHEUVEL,
et al., Appellants,

v.

Virgil A. WAGNER, Respondent.

No. A03–324.

Supreme Court of Minnesota.

Jan. 20, 2005.

Robert Joseph Leighton, Jr, Nolan, MacGregor, Thompson & Leighton, St Paul, MN, for Appellant's.

Steven R Schwegman, Mary Beth Mahler, Quinlivan & Hughes, PA, St. Cloud, MN, for Respondent's.

## OPINION

BLATZ, Chief Justice.

Appellants D. Scott and Dawn Vandenheuvel challenge the district court's decision allowing respondent Virgil A. Wagner to recover, under Minn. R. Civ. P. 68 ("Rule 68"), his total costs and disbursements incurred from the beginning of the lawsuit. Appellants contend that when the net verdict is less favorable to the offeree than the pretrial offer of judgment, Rule 68 allows the offeror to recover only those costs and disbursements incurred after the offer of judgment was made. A divided panel of the court of appeals affirmed the district court's award of respondent's total costs and disbursements incurred from the beginning of the lawsuit. *Vandenheuvel v. Wagner*, 673 N.W.2d 524, 525 (Minn.App. 2004). We affirm.

The facts of this case are undisputed. On May 11, 2000, appellant Dawn Vandenheuvel and respondent Virgil A. Wagner were involved in a two vehicle automobile accident. As a result of the accident, Dawn Vandenheuvel sustained injuries to her back and left shoulder and incurred medical bills in excess of $40,000. Appellants Dawn Vandenheuvel and her husband D. Scott Vandenheuvel brought suit against Wagner for personal injuries and loss of consortium.

On May 16, 2002, one month prior to trial, respondent made a written offer of judgment for $25,000 pursuant to Rule 68. Appellants rejected the offer. After a two-day trial, the jury awarded appellant Dawn Vandenheuvel $30,000 in past medical expenses, $1000 for past pain and suffering, and $90 for past loss of earnings. The jury also awarded appellant D. Scott Vandenheuvel $1000 for his loss of consortium claim. Appellants' no-fault carrier paid $20,000 in medical benefits and $90 in past lost earnings. Because neither party requested the jury to make specific findings of fact as to how much of the $30,000 in medical bills were attributable to those paid by the no-fault carrier, the full $20,000 in medical benefits paid by the insurance carrier as well as the $90 for past lost earnings were deducted from the award. Thus, appellants' net judgment was $12,000. The district court concluded that, because the net judgment did not exceed respondent's $25,000 offer of judgment, respondent was entitled, pursuant to Rule 68, to recover all his costs and disbursements, which amounted to $8,022.71.

We review a lower court's legal determinations regarding Rule 68 offers of judgment de novo. *Stoebe v. Merastar*

*Ins. Co.*, 554 N.W.2d 733, 735 (Minn.1996). While very few of our cases address the principles of rule construction, we said in *House v. Hanson* that: "the words of a court rule, like those of a statute, must be taken and construed in the sense in which they were understood and intended at the time the rule was promulgated."[1] 245 Minn. 466, 473, 72 N.W.2d 874, 878 (1955).

■ The issue in this case involves the calculation of costs and disbursements under Rule 68 and arises out of amendments made to the rule in 1985. The language of Rule 68 at issue here presently states:

At any time prior to 10 days before the trial begins, any party may serve upon an adverse party an offer to allow judgment to be entered to the effect specified in the offer or to pay or accept a specified sum of money, with costs and disbursements then accrued, either as to the claim of the offering party against the adverse party or as to the claim of the adverse party against the offering party. * * * If the judgment finally entered is not more favorable to the offeree than the offer, *the offeree must pay the offeror's costs and disbursements*.

Minn. R. Civ. P. 68 (emphasis added).

Before the 1985 amendments, Rule 68 provided, in relevant part:

If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs and disbursements incurred *after the making of the offer*.

Minn. R. Civ. P. 68.01 (1984) (emphasis added). Specifically relevant to appellants' arguments in this case is the 1985 amendment to the rule deleting the language of the rule which limited the recovery of costs and disbursements under Rule 68 to those incurred "after the making of the offer." Appellants contend that the deletion of this phrase was not intended to change the practice under Rule 68 and thus, even after the 1985 amendment, respondent is entitled to only those costs and disbursements incurred after the offer of judgment.

Appellants' argument that the costs and disbursements must be limited to those incurred post-offer relies in part on our statement in *Bucko v. First Minnesota Savings Bank, F.S.B.* that the plaintiff must "pay the [defendant's] costs and disbursements incurred *from the date of its offer of judgment*." 471 N.W.2d 95, 98 (Minn.1991) (emphasis added).[2] However, the language in *Bucko* merely reflects the relief requested by the parties in that case. Further, our focus in *Bucko* was on *whether* the parties were entitled to costs and disbursements and not on *what* costs and

1. We have not explicitly set out a framework for interpreting the rules of court. We note that while certain principles of statutory construction, e.g., plain language, may be helpful when interpreting court rules, other principles have no application. Because our analysis of Rule 68 in this case relies on the plain language of the rule, it is not presently necessary to set out a detailed method of analysis to be used in the interpretation of court rules.

2. In *Bucko*, the defendant bank made an offer of judgment to three plaintiffs prior to trial. 471 N.W.2d at 97. All three plaintiffs rejected the offer. *Id.* At trial, two plaintiffs were awarded compensatory damages and all three

were awarded punitive damages. *Id.* The bank appealed the award of punitive damages. *Id.* Because we concluded that the one plaintiff who was not awarded compensatory damages at trial was not entitled to punitive damages, that plaintiff's net judgment ultimately was less favorable than the offer of judgment. *Id.* at 98. Applying the current version of Rule 68, we thus concluded that this plaintiff must pay the defendant bank's costs and disbursements "incurred *from the date of its offer of judgment* until judgment was entered by the trial court." *Id.* (emphasis added).

disbursements were to be awarded. *See id.* Because the issue presented in the instant case was not before the court in *Bucko,* the language stating that the plaintiff must pay the defendant's costs and disbursements "incurred from the date of its offer of judgment" was dicta and is not binding precedent.

Appellants also assert that, given the similarity between the Minnesota and federal rules, the Minnesota rule should be interpreted consistently with the federal rule which limits the costs and disbursements awarded under Rule 68 to post-offer costs and disbursements. Appellants argue that the commentary to Minnesota Rule 68 supports this assertion.

As an initial matter, we note that while the two rules are similar, they are not identical. For example, unlike the plain language of Federal Rule 68,[3] Minnesota Rule 68 allows *either* party to make an offer of judgment. *Compare* Minn. R. Civ. P. 68 *with* Fed.R.Civ.P. 68. *See also Borchert v. Maloney,* 581 N.W.2d 838 (Minn. 1998) (recognizing that Minnesota allows the offeree to recover costs as a prevailing party under Minn.Stat. § 549.01–.04 (2004), despite having rejected a more favorable Rule 68 offer because, unlike the federal rule, Minnesota Rule 68 does not specifically state that the offeree is responsible for her own costs and disbursements).

Without directly addressing any remaining difference between the federal and Minnesota rules, the committee comments accompanying the 1985 amendments to Minnesota Rule 68 state, in relevant part:

The changes to Rule 68 are intended to accomplish two things. First, the former offer of judgment procedure will be available to both plaintiffs and defendants in order to encourage settlement by all parties. Second, an offer of settlement is irrevocable during a ten-day period, but has no continued vitality if not accepted within that ten-day period. This change is made to answer the question raised by the Minnesota Supreme Court in *Everson v. Kapperman,* 343 N.W.2d 19 (Minn.1984). The Minnesota practice will now conform to practice under Federal Rule 68, although the language of the rules is not identical.

Minn. R. Civ. P. 68 (Advisory Committee Notes—1985).

■ We note that committee comments are included for convenience and are not binding on the court. *Borchert,* 581 N.W.2d at 840; *Nguyen v. State Farm Mut. Auto. Ins. Co.,* 558 N.W.2d 487, 489 n. 4 (Minn.1997). Further, given the substantive difference between the Minnesota and federal rules noted above, we conclude the statement—"Minnesota practice will now conform to practice under Federal Rule 68"—refers to the previous two sentences addressing the addition of a 10–day irrevocable period, not to Rule 68 in general. Prior to the 1985 amendment, Minnesota Rule 68 did not provide for a time frame for the acceptance of offers, and the federal rule did. Accordingly, appellants' argument that the commentary to Minnesota Rule 68 is evidence that Minnesota's rule conforms to the federal practice of awarding only post-offer costs and disbursements is not persuasive.

**3.** Fed.R.Civ.P. 68 states, in relevant part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. * * * If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Finally, appellants argue that the lack of explicit commentary on the deletion of the phrase "after the making of the offer" indicates that the deletion of this phrase in amended Rule 68 was not meant to change the practice under the rule and may have been "a mistake." While we acknowledge that specific commentary on this rule change would have been helpful to practitioners, given the plain and unambiguous language of Rule 68, we will not rely on the lack of discussion in the committee comments to read a limitation into the rule. Further, as stated above, advisory committee comments are not binding on the court.

We conclude that the plain language of Rule 68 that "the offeree must pay the offeror's costs and disbursements" does not limit recoverable costs and disbursements under the rule to those incurred after the making of the offer. Accordingly, we hold that appellants must pay respondent's total costs and disbursements incurred from the beginning of the lawsuit.

Affirmed.

ANDERSON, G. Barry, J., not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.