*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0052**

In re the Marriage of:

Brian Wayne Kusie, petitioner,
Appellant,

vs.

Stephanie Louise Kusie,
Respondent.

**Filed September 2, 2025**
**Reversed**
**Wheelock, Judge**

Hennepin County District Court
File No. 27-FA-13-3318

Brian W. Kusie, Andover, Minnesota (pro se appellant)

Gillian J. Blomquist, Wermerskirchen & Blomquist, LLC, Wayzata, Minnesota (for respondent)

Considered and decided by Wheelock, Presiding Judge; Ross, Judge; and Connolly, Judge.

**NONPRECEDENTIAL OPINION**

**WHEELOCK**, Judge

Appellant challenges the district court's order determining that he is a frivolous litigant and imposing filing restrictions on him pursuant to Minnesota General Rule of Practice 9, arguing that the district court lacked jurisdiction to impose rule 9

frivolous-litigant relief based on an appellate court filing. Because a rule 9 sanction cannot be premised on an appellate court filing, we reverse.

## FACTS

Appellant father Brian Wayne Kusie filed a motion to modify child support, medical support, and arrearage payments, and the district court denied it. Father appealed the denial.[1] Respondent mother Stephanie Louise Kusie moved the district court to declare father a frivolous litigant based on his filing of that notice of appeal, and the district court granted her motion. The present appeal is of the order granting mother's motion.

The parties dissolved their marriage in 2014 and have been litigating matters related to the dissolution of their marriage for over a decade. Father, in particular, has submitted such a high volume of filings that the district court imposed filing restrictions upon him in 2019.[2]

When the district court lifted father's filing restrictions in 2021, it observed that mother or the district court could invoke rule 9 of the Minnesota General Rules of Practice or rule 11 of the Minnesota Rules of Civil Procedure with respect to father and that "it may be that such steps would be appropriate in the future," but that, because they had not already done so, the district court could not grant mother's then-pending request to designate father as a frivolous litigant "given the current procedural stage of th[e] case."

---

[1] This court recently filed an opinion on the merits of father's appeal. *Kusie v. Kusie*, No. A24-1136 (Minn. App. Aug. 18, 2025).

[2] Mother maintains that father previously had been declared a frivolous litigant pursuant to rule 9 of the Minnesota General Rules of Practice; however, it is not clear from the record whether these earlier filing restrictions were formally imposed pursuant to rule 9.

In its order lifting the restrictions, the district court also made numerous observations about father's conduct. It stated that "father's pleadings are so full of vitriol and side complaints about mother that it is difficult to understand what, other than spite, the basis is for his request to change parenting time, change schools, or change the location of activities." The district court also observed that father had "brought meritless claims that largely repeat his prior failed requests for an equal parenting time schedule, having been expressly warned in the past about the harm caused by such litigious behavior," and "that father [had] unreasonably contributed to the length and expense of the[] proceedings." Notwithstanding the district court's admonitions in 2021, father has continued to excessively litigate various issues.

As indicated above, this appeal is related to father's most recent motion to modify child support, medical support, and arrearage payments, which mother opposed. In her responsive pleading, mother made numerous requests for relief that included conduct-based attorney fees she incurred responding to father's motion, leave to file a motion declaring father a frivolous litigant, and mediation or modification of parenting time. The district court denied father's motion.

Father then filed a notice of appeal, after which mother served a motion and supporting affidavit upon father "[p]ursuant to Rule 9 of the Minnesota General Rules of Practice, demanding that he withdraw the appeal. Mother asserted that, "[s]hould [father] choose not to withdraw the appeal," she would request that the district court declare father "to be a frivolous litigant under Rule 9."

Father did not withdraw his appeal, and after twenty-one days had elapsed, mother moved the district court to declare father a frivolous litigant. The district court held a hearing regarding mother's motion, receiving argument from both parties. Father, who had recently graduated from law school and was planning to take the bar exam, represented himself.

Father argued that the district court did not have jurisdiction to rule on mother's rule 9 motion because nothing was pending before the district court; rather, at the time mother filed the motion, father's appeal was pending before this court. Mother argued that she had properly filed her rule 9 motion and that the district court had jurisdiction to hear it because it was collateral or supplemental to father's appeal of the district court's order. The district court then granted mother's motion, declaring father a frivolous litigant and imposing filing restrictions upon him.

Father now appeals the district court's order declaring him a frivolous litigant.

**DECISION**

Father argues that the district court lacked jurisdiction to declare him a frivolous litigant.[3] The district court granted mother's motion after determining that it had

---

[3] Father also argues that the district court erred by failing to make a finding that his filings were in "bad faith," but we reject this argument. We understand that a factor district courts consider in weighing whether frivolous-litigant sanctions are appropriate is "whether the claim, motion, or request was made for purposes of harassment, delay, or vexatiousness, or *otherwise in bad faith*." Minn. R. Gen. Prac. 9.02(b)(3) (emphasis added). However, rule 9 does not require that district courts make an express bad-faith finding when providing frivolous-litigant relief, and this court recently issued a nonprecedential opinion declining to reach this argument when, like father, the appellant did not provide additional authority to support it. *See Riverstone v. Stempfley*, No. A23-0933, 2024 WL 4587803, at *6 (Minn. App. Oct. 28, 2024) (reasoning that the appellant cited "no authority for her

4

jurisdiction to provide relief pursuant to rule 9 and imposed filing restrictions on father because, pursuant to Minnesota Rule of Civil Appellate Procedure 108.01, subdivision 1, the district court "retains jurisdiction as to matters independent of, supplemental to, or collateral to the order or judgment appealed from."

To decide whether the district court properly declared father a frivolous litigant, we must determine whether rule 9 applies to a notice of appeal. We review a district court's frivolous-litigant determination for an abuse of discretion. *See Szarzynski v. Szarzynski*, 732 N.W.2d 285, 295 (Minn. App. 2007) (reversing determination that litigant was a "nuisance" because "it is unclear whether the district court applied" Minn. R. Gen. Prac. 9.01 and noting that a district court's use of an incorrect standard is an abuse of discretion). And "Minnesota appellate courts interpret general rules of practice de novo." *Cmty. Cares v. Faulkner*, 949 N.W.2d 296, 297 (Minn. App. 2020), *rev. denied* (Minn. Nov. 17, 2020). In construing court rules, we first consider the rule's plain language and its purpose. *Rubey v. Vannet*, 714 N.W.2d 417, 421 (Minn. 2006); *see also Vandenheuvel v. Wagner*, 690 N.W.2d 753, 755 (Minn. 2005) ("[T]he words of a court rule, like those of a statute, must be taken and construed in the sense in which they were understood and intended at the time the rule was promulgated." (quotation omitted)).

The Minnesota General Rules of Practice apply "in all trial courts of the state." Minn. R. Gen. Prac. 1.01. A notice of appeal, however, is filed "with the clerk of the

---

assertion that bad faith is a required finding" and thus concluding that the court "need not consider this argument"). Nonprecedential opinions are not binding on this court, but they may be persuasive authority. Minn. R. Civ. App. P. 136.01, subd. 1(c).

5

appellate courts." Minn. R. Civ. App. P. 103.01, subd. 1. Here, mother's rule 9 motion asked the district court to rule that father was a frivolous litigant based on father's notice of appeal, which is an appellate court filing. Because the plain meaning of rule 1.01 is that the general rules of practice apply only to district courts and a notice of appeal is an appellate court filing, we conclude that the district court misapplied the law when it granted mother's request to declare father a frivolous litigant for failing to withdraw his notice of appeal with this court.

The purpose and structure of rule 9 support this conclusion. Rule 9 provides that a litigant can obtain rule-9 relief only after giving their opponent an opportunity to withdraw or correct their filing. *See* Minn. R. Gen. Prac. 9.01. The rule also grants district courts the authority to order that frivolous litigants furnish security before filing future claims, *id.*, and provides that "claim(s) subject to the security requirement may be dismissed," Minn. R. Gen. Prac. 9.03. We further observe that, as we reasoned in *Kedrowski v. Kedrowski*, applying rule 9 to the appellate courts "would present conflicts between district and appellate court jurisdiction." No. A19-1610, 2020 WL 3638787, at *4 (Minn. App. July 6, 2020).[4]

Mother argues that whether father is a frivolous litigant is collateral to the family-law proceedings and that, therefore, Minnesota Rule of Civil Appellate

---

[4] As mentioned before, "nonprecedential opinions may be cited as persuasive authority." Minn. R. Civ. App. P. 136.01, subd. 1(c).

Procedure 108.01, subdivision 2, permits the district court to declare father a frivolous litigant. Rule 108 states, in part:

> the filing of a timely and proper appeal suspends the trial court's authority to make any order that affects the order or judgment appealed from, although the trial court retains jurisdiction as to matters independent of, supplemental to, or collateral to the order or judgment appealed from.

Minn. R. Civ. App. P. 108.01, subd. 2. Because, under rule 108.01, subdivision 2, the district court retains authority to address matters distinct from the appeal, we agree that, if mother filed her motion in district court to declare father a frivolous litigant when there were matters pending in district court that would allow the district court to grant her motion, then it could do so. Here, however, when mother filed her motion to declare father a frivolous litigant, not only was nothing pending in district court, but the motion was based on filings father made in this court. As noted, Minn. R. Gen. Prac. 1.01 limits the application of Minn. R. Gen. Prac. 9 to district court matters—meaning that appellate filings are not a basis for a district court to declare someone to be a frivolous litigant under rule 9. Thus, mother's argument is not persuasive because, regardless of rule 108.01, subdivision 2, basing frivolous-litigant relief under rule 9 upon a notice of appeal constitutes a misapplication of law.

The record demonstrates ample support for mother's frivolous-litigant motion. However, mother requested frivolous-litigant relief based on father's notice of appeal—an appellate court filing. Because the Minnesota General Rules of Practice do not apply to

7

the appellate courts, the district court misapplied the law by granting mother's motion, and we reverse the district court's order declaring father a frivolous litigant.

**Reversed.**